**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

MARCELION SAVSEDA                                                                                          PLAINTIFF

V.                                              1:05CV00041 SWW/HDY

RHONDA FAIRCLOTH, Jail Administrator,
Independence County Jail; TORI THOMPSON,
Assistant Administrator, Independence County
Jail; and MICHAEL WEBB, Jailer, Independence County Jail                        DEFENDANTS

**ORDER**

Plaintiff, a pretrial detainee at the Independence County Jail, initiated this § 1983 action by filing a Complaint and an Application to Proceed *In Forma Pauperis* (docket entries #1 and #2), alleging that he was improperly subjected to punitive isolation as a result of an alleged escape attempt. In an Order dated June 16, 2005 (docket entry #4), the Court ordered Plaintiff to file, within thirty days, an Amended Complaint setting forth specific additional information regarding the nature of his claims. This Order was mailed to Plaintiff at the Independence County Jail, his last known address provided to the Court.

Local Rule 5.5(c)(2) provides that if any communication from the Court to a *pro se* litigant is not responded to within thirty days, the case may be dismissed without prejudice. Interestingly, in light of the discussion in Plaintiff's complaint regarding an escape attempt, the Court's June 16th Order was returned to the Court, marked "no longer here." *See* docket entry #5. More than thirty days have passed since the entry date of that Order, and Plaintiff has not responded to the Court's Order, nor provided the Court with notice of a change of address. Furthermore, a search of the

Arkansas Department of Correction website inmate roster does not locate anyone by Plaintiff's name, or any variation thereof, in their custody.

Under these circumstances, the Court concludes that this case should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and we review the exercise of this power for abuse of discretion.")

IT IS THEREFORE ORDERED that Plaintiff's Complaint (docket entry #2) be and it is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 1ST DAY OF NOVEMBER, 2005.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE